**NOT FOR PUBLICATION**

**FILED**
JAMES J. WALDRON, CLERK

**January 15, 2008**

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ Zelda Haywood, DEPUTY

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **In Re: NJ AFFORDABLE HOMES CORP.**,<br><br>                  Debtor. | Case No.: 05-60442 (DHS)<br><br>Adv. No.: 06-2246 (DHS)<br><br>Judge: Donald H. Steckroth, U.S.B.J. |
| **CHARLES M. FORMAN, CHAPTER 7 TRUSTEE FOR NJ AFFORDABLE HOMES CORP.**,<br><br>                  Plaintiff,<br><br>   v.<br><br>**COUNTRYWIDE HOME LOANS, INC., DOROTHY COLEMAN, DOROTHY E. COLEMAN REVOCABLE TRUST AND MELVYN BARENHOLTZ,**<br><br>                  Defendants. | |

**OPINION**

**APPEARANCES:**

Reich, Reich & Reich, P.C.
Jeffrey A. Reich, Esq.
175 Main Street, Suite 300
White Plains, New York 10601
***Counsel for Dorothy E. Coleman***

Ronald De Caprio, Esq.
65 West Ramapo Road
Garnerville, New York 10923
***Counsel for Dorothy E. Coleman***

Flamm, Boroff & Bacine, P.C.
Robert A. Pinel, Esq.
Westfield Corporate Center, Ste. 310
4905 W. Tilghman Street
Allentown, Pennsylvania 18104
***Counsel for Credit Suisse Financial Corporation***

**THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE**

Before the Court is a motion filed by Dorothy E. Coleman, individually, and as Trustee of the Dorothy E. Coleman Revocable Trust (collectively referred to as "Defendants") seeking relief from a consent order and judgment fixing a lender's lien pursuant to Federal Rules of Bankruptcy Procedure 9023 and 9024. Specifically, the Defendants move to modify, amend, and/or vacate paragraphs three and four of the October 29, 2007 Consent Order and Judgment Fixing Lien of Lender ("October 29, 2007 Consent Order") on the basis that the Consent Order conflicts with the Court's previous Order entered October 22, 2007 authorizing settlements within approved parameters without further notice or hearing.

Credit Suisse Financial Corporation, formerly known as, Credit Suisse First Boston Financial Corporation (hereinafter "Credit Suisse") filed opposition contending that: (i) the Defendants are collaterally challenging the existing Settlement Agreement between Charles M. Forman, Chapter 7 Trustee ("Trustee") for New Jersey Affordable Homes Corp. ("Debtor"), and Credit Suisse, which this Court approved on September 13, 2007; (ii) the Defendants may not unilaterally seek the addition of a "savings clause" to the Consent Judgment to preserve claims previously rejected by this Court; (iii) the relief sought by the Defendants is moot as the property has been sold free and clear of liens; and (iv) the Defendants are time-barred from seeking relief pursuant to Bankruptcy Rule 9023 and the Defendant's failure to properly justify such relief makes Bankruptcy Rule 9024 inapplicable.

For the reasons that follow, the Defendants' motion to modify, amend, and/or vacate the Consent Order and Judgment Fixing Lender's Lien is denied. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, the Standing Order of Reference from the United States District

Court for the District of New Jersey dated July 23, 1984, and the December 5, 2005 Order of Reference from the United States District Court for the District of New Jersey. As this matter concerns the administration of the bankruptcy estate, it constitutes a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

**Statement of Facts and Procedural History**

On July 29, 2006, the Trustee filed an adversary complaint against the Defendants seeking a declaratory judgment that the Debtor is the rightful title owner of the real property located at 101 Hempstead Road, Spring Valley, New York 10977 ("Property") and that the liens attached to the Property should be deemed void. On November 17, 2006, Defendants filed an Answer with counterclaims and cross-claims requesting, *inter alia*, the following: (i) that the Coleman Trust was entitled to have the proceeds from the sale of the Property be held in escrow; (ii) that the Trustee, Defendant Barenholtz, and every other person claiming under said Defendants be barred from all claims to an estate or interest in the net proceeds resulting from the sale; and (iii) that the Clerk of the County of Rockland, State of New York be directed to cancel and discharge the mortgages held by Defendant Countrywide Home Loans, Inc. ("Countrywide").

At the time the Answer was filed, Credit Suisse was not a party to the adversary proceeding. Defendant Coleman contended that had Credit Suisse been made a party to this action, then she would have asserted the same cross-claim against it as she had against Defendant Countrywide. If Defendant Coleman is successful with respect to the cross-claims alleged, then the transfer of the Property from Coleman to Barenholtz would be void *ab initio* and all liens granted against the Property would also be void.

In or about July 2007, the Trustee and Credit Suisse entered into a Settlement Agreement whereby "[t]he lien of the Lender with respect to each of the Properties shall be and hereby is allowed as a valid lien in the amount and priority reflected on Exhibit A. . . ." As to the subject Property, Exhibit A indicates that Melvyn Barenholtz was the borrower, the face amount of the mortgage was $495,000.00 and the total payoff pursuant to the Agreement with the Trustee is $491,093.96. *See Brief in Opposition by Credit Suisse*, Exhibit B. The Agreement further provided that "[a] Final Judgment shall be entered as to the Lender and the Trustee in each of the Adversary Proceedings. . .incorporating the terms of this Agreement, including but not limited to the recognition of the nature, extent and validity of the Lender's Lien. . . ." *Id.*

The Trustee filed a motion to approve this Settlement and Defendants filed opposition arguing that Credit Suisse was receiving relief with respect to the Property subject to a pending adversary proceeding to which Credit Suisse was not a party. Further, Defendants contended that their cross-claims and counterclaims were being disregarded. Defendants argued against approval of the settlement so that Defendant Coleman could assert a claim against Credit Suisse to void its mortgages. However, at oral argument, Defendant Coleman appeared and made a different argument whereby she agreed to sell the property but reserved her right to invalidate the mortgages. On September 13, 2007, the Court entered an Order approved the settlement overruling Defendant Coleman's objections and the Defendant did not appeal this Order.

On October 22, 2007, the Court entered an Opinion and Order authorizing settlements within approved parameters without further notice or hearing. The Opinion and Order directed the addition of language into the proposed consent judgments indicating that the rights of entities not party to the agreement would not be modified or impinged under res judicata, collateral estoppel, or the entire

5

controversy doctrines. Further, the Court ordered clarification to ensure that the Settlement was only between the Trustee and the Lender and did not affect any other claims properly brought by any other person or entity.

On October 29, 2007, the Consent Judgment was entered by this Court pursuant to the Settlement Agreement. The Consent Judgment provided that the Settlement Agreement was incorporated by reference and that Credit Suisse was adjudged to have a valid lien upon the Property and that Judgment would be entered. The Property was sold on November 1 and 2, 2007 and Credit Suisse was the credit bid purchaser.

Defendants filed the instant motion seeking relief from the Consent Order and Judgment Fixing the Lender's Lien on November 8, 2007 arguing that the Consent Order and Judgment entered conflicted with the Court's Order of October 22, 2007 because it did not contain the required language and thus should be modified and/or vacated. Specifically, Defendant Coleman argues that paragraph 4 of the Consent Order and Judgment should be vacated and/or modified to allow a cross-claim against Credit Suisse. Defendant Coleman filed the application seeking such relief, but did not file a memorandum of law demonstrating the legal basis. On December 7, 2007, Credit Suisse filed lengthy opposition to the motion providing several legally sound arguments including: (i) the res judicata and collateral estoppel effects of the Court's September 13, 2007 Order; (ii) the addition of a savings clause is inappropriate; (iii) the relief sought is moot as the property has been sold; and (iv) the Defendant is not entitled to relief pursuant to either Bankruptcy Rule 9023 or 9024. On December 17, 2007, Defendants filed a reply simply disputing the argument that their Bankruptcy Rule 9023 claim was time barred.

## Legal Analysis

**A.     Res Judicata and Collateral Estoppel**

Credit Suisse, in its opposition, argues that the doctrines of res judicata and collateral estoppel are applicable to the Defendants' motion because the issues raised herein have been previously considered and overruled by this Court's September 13, 2007 Order approving the Settlement Agreement between the Trustee and Credit Suisse. Credit Suisse also submits that the Defendants are collaterally attacking this Court's Order by way of a motion to modify the Consent Order and Judgment.

Res judicata "applies to claims that 'were or could have been raised' in a prior action involving 'the parties or their privies' when the prior action had been resolved by 'a final judgment on the merits.'" *Graham v. IRS (In re Graham)*, 973 F.2d 1089, 1093 (3d Cir. 1992) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). "Claim preclusion thus bars relitigation of any claim that could have been raised in the prior action even if it was not so raised." *Id.* The Third Circuit requires the following for res judicata to apply: (1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privities; and (3) a subsequent suit based on the same cause of action. *Gillman v. Continental Airlines (In re Continental Airlines)*, 203 F.3d 203, 208-09 (3d Cir. 2000) (citing *CoreStates Bank, N.A. v. Huls America, Inc.*, 176 F.3d 187, 194 (3d Cir. 1999)).

Res judicata is fully applicable to bankruptcy court decisions and final orders. *See Katchen v. Landy*, 382 U.S. 323, 334 (1966); *Fox v. Congress Fin. Corp. (In re Target Indus.)*, 328 B.R. 99, 115 (Bankr. D.N.J. 2005). Courts recognize that res judicata is not straightforward in bankruptcy because of the various entities involved in a bankruptcy proceeding. Bankruptcy matters may include the debtor, creditors, shareholders, employees, vendors, landlords, and parties to contracts.

Not all of these parties are listed on the caption of the proceeding, thus making it difficult to identify all of the parties and claims involved. *See NovaCare Holdings, Inc. v. Mariner Post-Acute Network, Inc. (In re Mariner Post-Acute Network, Inc.*), 267 B.R. 46, 53 (Bankr. D. Del. 2001). There is no expectation that all of the issues affecting a debtor and its estate must be litigated at one time and "the fact that a particular party may have an interest in a motion does not require that party to raise all interests or claims that it has in the bankruptcy case generally at the time that the motion is heard." *Id.* However, this is in direct contravention with the purpose of res judicata. *Id.* To alleviate this recognized difficulty, the Third Circuit provided parameters for the application of res judicata in bankruptcy:

> Difficult as it may be to define the contours of a cause of action in a bankruptcy setting, we conclude that a claim should not be barred unless the factual underpinnings, theory of the case, and relief sought against the parties to the proceeding *are so close to a claim actually litigated in the bankruptcy that it would be unreasonable not to have brought them both at the same time* in the bankruptcy forum.

*Id.* at 53-54 (citing *Eastern Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 337-38 (3d Cir. 2000) (emphasis in original).

In the case at bar, Credit Suisse argues that the Defendant has already raised these same issues in opposition to the Trustee's motion to approve its settlement with Credit Suisse and the other institutional lenders. Defendant Coleman also appeared for oral argument regarding the settlement and this Court overruled her objections at that time. Thereafter, Defendant Coleman had ten (10) days to appeal the Order approving the settlement and she failed to do so. Considering the elements of res judicata and the Third Circuit's additional parameters for bankruptcy cases, Defendant Coleman has already litigated these issues in a previous motion that involved Credit Suisse and is now using this instant motion to reargue her contentions and to attempt to include a

"savings clause" in the Consent Order that was not part of the Court approved settlement and Consent Order. The claims raised involve the same factual underpinnings and are close to claims previously argued before this Court. Thus, res judicata is applicable here and Defendants' motion is denied on that basis.

Credit Suisse also raised the doctrine of collateral estoppel or issue preclusion. Collateral estoppel bars subsequent litigation of an issue when:

> (1) the particular issue to be precluded is identical to the issue decided in the previous proceeding; (2) the issue was actually litigated in the prior action, i.e., there was a full and fair opportunity to litigate the issue in the prior action; (3) a final judgment on the merits was issued in the prior proceeding; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom preclusion is asserted was a party to or in privity with a party to the earlier proceeding.

*Neuner v. Horizon Blue Cross Blue Shield of N.J. (In re LymeCare, Inc.)*, 301 B.R. 662, 679 (Bankr. D.N.J. 2003) (citations omitted). The modern approach to collateral estoppel no longer requires "mutuality" and "a litigant may also be estopped from advancing a position that he or she has presented and lost in a prior proceeding against a different adversary." *Peloro v. United States,* 488 F.3d 163, 175 (3d Cir. 2007) (citing *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n.5 (1979); *Blonder-Tongue Lab v. Univ. of Ill. Found.*, 402 U.S. 313, 324 (1971)).

In the instant matter, the requirements for collateral estoppel are easily satisfied. First, Defendant Coleman's objections were identical to those raised at the hearing to approve the settlement. Second, Defendant Coleman was afforded a full and fair opportunity to litigate her objections as she filed opposition to the settlement, appeared at the hearing, and had the opportunity to appeal this Court's Order but failed to do so. Third, the Order approving the settlement is a final order, which was subject to appeal. Fourth, the Defendants' objections were addressed previously

and were resolved in order for this Court to enter the Order approving the settlement. Finally, Defendant Coleman is a party in the main bankruptcy case, although not a party to the Trustee's particular settlement with the institutional lenders. However, as noted above, Defendant Coleman did advance her objections to the settlement and they were addressed by this Court. Thus, Defendant Coleman is collaterally estopped from raising her objections in the form of a new motion.

B.     **Bankruptcy Rules 9023 and 9024**

Credit Suisse also argues that relief sought under Bankruptcy Rules 9023 and 9024 is not available to the Defendants. Federal Rule of Civil Procedure 59(e), made applicable in bankruptcy pursuant to Bankruptcy Rule 9023, provides that any motion to amend or alter a judgment must be filed within ten (10) days of entry of the judgment. FED. R. CIV. P. 59(e); *Smith v. Evans*, 853 F.2d 155, 157 (3d Cir. 1988) (citation omitted) ("'The ten day period is jurisdictional and "cannot be extended in the discretion of the court."'") The parties here dispute whether the Bankruptcy Rule 9023 motion was timely filed. Assuming, *arguendo*, that the motion was filed within the requisite ten day period, the Defendants' Bankruptcy Rule 9023 argument must still be denied.

A successful Bankruptcy Rule 9023 motion requires one of the following:

> (1) an intervening change in the law; (2) new evidence that may not have been available previously; or (3) the need to correct a clear error of law or to prevent manifest injustice.

*In re Lewis*, 346 B.R. 89, 114 (Bankr. E.D. Pa. 2006) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)); *In re Olick*, 2005 U.S. Dist. LEXIS 1903, at *10-11 (E.D. Pa. 2005) (citing *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A Rule 9023 motion is an extraordinary measure and "[p]arties should not use a motion for reconsideration as an opportunity to relitigate issues the court has already decided." *In re*

*Liquidating Trust of Resmae Mortgage Corp.,* 2007 Bankr. LEXIS 3945, at *7-8 n.6 (Bankr. D. Del. Nov. 26, 2007); *see Vision Metals, Inc. v. SMS Demag, Inc. (In re Vision Metals, Inc.)*, 327 B.R. 719, 721 (Bankr. D. Del. 2005). Here, Defendants have neither established nor even attempted to argue that they have satisfied any of the required bases for a Rule 9023 motion. Thus, Bankruptcy Rule 9023 does not provide a legal basis for the Defendants' contentions.

The Defendants also moved pursuant to Bankruptcy Rule 9024, making Federal Rule of Civil Procedure 60 applicable in bankruptcy, which provides:

> On motion or just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). The Defendants' moving papers appear to seek relief pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6). Defendants have not provided any evidentiary support or argument that any mistake, excusable neglect, inadvertence or surprise occurred in the instant matter. Therefore, Defendants' motion is squarely based on Rule 60(b)(6), which "may be utilized only in exceptional or extraordinary circumstances, and can be used only as a 'residual clause' in cases which are not covered under the first five subsections of Rule 60(b)." *In re Foundation for New Era Philanthropy*, 1996 Bankr. LEXIS 1891, at *29 (Bankr. E.D. Pa. July 22, 1996). The Third

Circuit has held that even legal error does not provide an exceptional circumstance to warrant a Rule 60(b)(6) motion due to the availability of the alternative avenue of appeal. *See Pridgen v. Shannon,* 380 F.3d 721, 728 (3d. Cir. 2004) (citation omitted). There are no extraordinary circumstances presented here to establish a Rule 60(b)(6) motion. Thus, Bankruptcy Rule 9024 does not provide a basis for the Defendants' motion.

**C.     Mootness**

Credit Suisse additionally argues that the Defendants' contentions are moot because the Property has been sold to Credit Suisse as the credit bid purchaser. Further, the settlement between the Trustee and Credit Suisse already established the validity of its mortgages and the liens and claims ceased to exist following the sale of the Property. Defendants stated both at the hearing and again in their reply papers that they were not opposed to the sale of the Property, but rather believe they are entitled to the proceeds of the sale.

Section 363 sales of real property require finality especially in instances where third parties rely upon orders of the Bankruptcy Court and to prevent purchasers from facing "endless rounds of litigation to determine who has what rights in the property." *In re Sax,* 796 F.2d. 994, 998 (7th Cir. 1996); *see Morgan v. Polaroid Corp. (In re Polaroid Corp.)*, 2004 U.S. Dist. LEXIS 1879, at *3 (Bankr. D. Del. Feb. 9, 2004). When interpreting mootness with respect to Section 363 sales, the Third Circuit established a two-prong analysis: "(1) whether the bankruptcy court order authorizing the sale was stayed pending appeal and (2) whether vacating the bankruptcy court's order would affect the validity of the sale." *In re Polaroid Corp.*, 2004 U.S. Dist. LEXIS 1879, at *3-4 (citing *Krebs Chrysler-Plymouth, Inc. v. Valley Motors, Inc.*, 141 F.3d 490, 499 (3d Cir. 1998)). Applying

the Third Circuit test to the facts here, Defendants' contentions are moot because they did not seek a stay pending the appeal of the Order.

## **Conclusion**

For all of the reasons stated above, Defendant Dorothy Coleman, individually, and Defendant Dorothy E. Coleman Revocable Trust's motion for reconsideration pursuant to Bankruptcy Rules 9023 and 9024 is hereby denied. An Order in conformance with this Opinion has been entered by the Court and a copy is attached hereto.

/s/ *Donald H. Steckroth*

_____
DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Dated: January 15, 2008